IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                       Plaintiff,

        v.

RENTAL HOUSING DEVELOPERS OF
PRATT, a/k/a RENTAL HOUSING
DEVELOPERS OF PRATT, A Missouri
Limited Partnership; JETZ SERVICE CO.,
INC.; NATHAN MANVILLE; KATHY
GALLOWAY; ANNETTE L. HONAKER;
REBECCA A. DRAKE; LAURISA I.
MCABEE; LUCINDA A. REID; MARY A.
DURAN; BRENDA J. BOONE;
UNKNOWN DEFENDANTS, including: the
Unknown Heirs, Executors, Administrators,
Devisees, Trustees, Legatees, Creditors, and
Assignees of Martha Dianne Manville,
deceased, the Unknown Spouses of other
Defendants; Unknown Stockholders,
Officers, Successors, Trustees, Creditors and
Assignees of Defendants as are existing,
dissolved or dormant corporations; Unknown
Executors, Administrators, Devisees,
Trustees, Creditors, Successors and
Assignees of Defendants as are or were
partners or in partnership; and Unknown
Guardians, Conservators and Trustees of
Defendants as are minors or are in any way
under legal disability; and Unknown Heirs,
Executors, Administrators, Devisees,
Legatees, Trustees, Creditors and Assignees
of any Person alleged to be deceased and
made Defendants; The Unknown General
Partners of Rental Housing Developers of
Pratt, a/k/a Rental Housing Developers of
Pratt, a Missouri Limited Partnership; the
Known and Unknown limited partners of
Rental Housing Developers of Pratt, a/k/a
Rental Housing Developers of Pratt, a
Missouri Limited Partnership; and
UNKNOWN OCCUPANTS OF RENTAL
HOUSING DEVELOPERS OF PRATT,

Civil No. 21-4037

a/k/a RENTAL HOUSING DEVELOPERS
OF PRATT, A MISSOURI LIMITED
PARTNERSHIP,

Defendants.

## COMPLAINT

COMES NOW the United States of America, by Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and Michelle A. Jacobs, Assistant United States Attorney, and for its cause of action represents as follows:

1. This is a civil action for judgment on the Promissory Note and foreclosure of the Mortgages brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon the Defendants in the following manner:

   a. Defendant Rental Housing Developers of Pratt, a/k/a Rental Housing Developers of Pratt, a Missouri Limited Partnership [hereinafter "Pratt"] may be served by delivering the Summons and a copy of the Complaint to the Kansas Secretary of State, Scott Schwab, Memorial Hall, 120 SW 10th Ave., 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), as its Registered Agent Martha Dianne Manville, as listed on the Kansas Secretary of State's website, is deceased. Additionally, service may also be made by publication, pursuant to K.S.A. § 60-307. Service is made within the jurisdiction of this Court.

   b. Defendant Jetz Service Co., Inc. may be served by delivering the Summons and a copy of the Complaint to its Registered Agent, Cogency Global, Inc., at 2101 SW 21st Street, Topeka, Kansas 66604 and, if the Registered Agent cannot be found there, by delivering a copy of the Summons and Complaint

to the Kansas Secretary of State Scott Schwab at Memorial Hall, 120 SW 10th Avenue, 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), within the jurisdiction of this Court.

c.   Defendant Nathan Manville may be served the Summons and a copy of the Complaint at 19226 NE 35th Place, Lake Forest Park, Washington 98155, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), and may also be served by publication, pursuant to K.S.A. § 60-307.  This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

d.   Defendant Kathy Galloway may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

e.   Defendant Annette L. Honaker may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

f.   Defendant Rebecca A. Drake may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

g.    Defendant Laurisa I. McAbee may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

h.    Defendant Lucinda A. Reid may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

i.    Defendant Mary A. Duran may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

j.    Defendant Brenda J. Boone may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

k.    Unknown defendants, including: the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Martha Dianne Manville, deceased, the Unknown Spouses of other Defendants; Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of Defendants as are existing, dissolved or dormant corporations; Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of Defendants as are or were partners

4

or in partnership; and Unknown Guardians, Conservators and Trustees of Defendants as are minors or are in any way under legal disability; and Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants; The Unknown General Partners of Rental Housing Developers of Pratt, a/k/a Rental Housing Developers of Pratt, a Missouri Limited Partnership; the Known and Unknown limited partners of Rental Housing Developers of Pratt, a/k/a Rental Housing Developers of Pratt, a Missouri Limited Partnership, [hereinafter "Unknown Defendants"], will be served by publication, pursuant to K.S.A. § 60-307, since the names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

l.      Unknown Occupants of Pratt, may be served the Summons and a copy of the Complaint at 820 Walnut Street, Pratt, Kansas 67124, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), and may also be served by publication, pursuant to K.S.A. § 60-307, since the names of these Defendants are unknown, within the jurisdiction of this Court.

3.      Defendant Pratt executed and delivered to Plaintiff United States of America, acting through the Farmers Home Administration, predecessor to the Rural Housing Service, United States Department of Agriculture, a promissory note on March 6, 1984, in the principal amount of $580,000.00, together with interest at the rate of 10.7500 percent (10.7500%) per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made a Rural Housing loan

to Defendant Pratt pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). A true and correct copy of the Promissory Note is attached as Exhibit A.

4.    To secure repayment of the indebtedness Defendant Pratt did, on March 6, 1984, execute and deliver a purchase-money security interest in the form of a real estate mortgage upon real property located in Pratt County, Kansas, within the jurisdiction of this Court, described as follows:

> All of Block 25, Grandview Addition to the City of Pratt, Kansas.
> Subject to mineral interests of record.

This real estate mortgage was filed on March 7, 1984, in the office of the Register of Deeds of Pratt County, Kansas, in Book 134 at Pages 503-506. A true and correct copy of the Mortgage is attached as Exhibit B.

5.    An Affidavit For Continuing Real Estate Mortgages was executed by a representative of USDA Rural Development on May 22, 2014, to prevent cancellation of the mortgage. A copy of this Affidavit For Continuing Real Estate Mortgages was filed on June 2, 2014, in the office of the Register of Deeds of Pratt County, Kansas. A filed copy of the Affidavit For Continuing Real Estate Mortgages is attached as Exhibit C.

6.    Repayment of the indebtedness is also secured by a perfected security interest in personal property, contract rights, accounts, and replacements. Copies of the most recent security agreement held by the United States are attached as Exhibit D.

7.    Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C and D.

8.    Defendant Pratt is in default by virtue of having breached the terms of the Promissory Note, Mortgage, and other loan documentation, as well as agency regulations for reasons that include but are not necessarily limited to the following:

(a)     failure to pay real estate taxes for calendar years 2015, 2016, 2017, and 2018, as required by 7 C.F.R. 3560.452(b);

(b)     failure to obtain agency consent prior to the substitution of the general partner in Rental Housing Developers of Pratt, a/k/a Rental Housing Developers of Pratt, a Missouri Limited Partnership, as required by 7 C.F.R. 3560.405(b);

(c)     failure to submit annual financial reports for FY 2016 and FY 2017, as required by 7 C.F.R. 3560.308(a); and

(d)     failure to maintain the physical condition of the property, in accordance with 7 C.F.R. 3560.103.

9.      Defendant Pratt, was given notice of the monetary and non-monetary grounds for default on April 15, 2019.  The Plaintiff United States, acting through the Rural Housing Service, United States Department of Agriculture, accelerated the indebtedness on April 15, 2019, and made demand for payment in full.  No payment has been received.

10.     The amount due on the Promissory Note dated March 6, 1984 is principal in the amount of $312,705.46 (including unpaid principal of 181,923.11, advances of $41,945.20, agency title report fees of $450.00, caretaker fees of $9,744.00, and other expenses of $78,643.15 (including utilities, taxes and insurance, and repairs)) as of April 12, 2021; plus interest in the amount of $40,024.67 (including interest on principal of $36,841.87 and interest on advances of $3,182.80) accrued to April 12, 2021; plus interest accruing thereafter at the daily rate of $54.7060 (including daily interest on principal of $53.5800 and daily interest on advances of $1.2260) to the date of judgment; plus administrative costs of $329.00 (including lis pendens filing fee of $5.00 and title report fees of  $324.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the

rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of all Defendants' interests in the subject real estate and personal property.

11.    No other action has been brought to recover these sums.

12.    Plaintiff United States completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.) and implementing rules and regulations.

13.    The following Defendants may claim an interest in the real property:

a.    Defendant Jetz Service Co., Inc., may claim an interest in the real property pursuant to two memorandums of lease that it entered into with Defendant Pratt.  The first memorandum of lease was dated June 1, 1996, and was recorded on June 26, 1996, in the Office of the Register of Deeds of Pratt County, in Book 240, Page 595.  The second memorandum of lease was dated June 6, 2001, and was recorded on July 18, 2001, in the Office of the Register of Deeds of Pratt County, in Book 256, Page 607.

b.    Defendant Nathan Manville may claim an interest in the real property as an heir at law of Martha Dianne Manville, deceased.

c.    Defendant Kathy Galloway may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

d.    Defendant Annette L. Honaker may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

e.    Defendant Rebecca A. Drake may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

f.    Defendant Laurisa I. McAbee may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

g.    Defendant Lucinda A. Reid may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

h.    Defendant Mary A. Duran may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

i.    Defendant Brenda J. Boone may claim an interest in the real property as a tenant or occupant at 820 Walnut Street, Pratt, Kansas 67124.

j.    Unknown Defendants may claim and interest in the real property.

k.    Unknown Occupants of Pratt may claim and interest in the real property as tenants or occupants at 820 Walnut Street, Pratt, Kansas 67124.

14.    The indebtedness due Plaintiff United States of America is a first and prior lien on the real and personal property described above.

15.    The interests of all Defendants are junior and inferior to the interests of Plaintiff United States.

16.    By execution of the real estate mortgage; Defendant Pratt agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale.  *See* Exhibit B, ¶ 19.  Therefore, Defendant Pratt waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

Plaintiff United States demands *in rem* judgment of foreclosure in the amount of $312,705.46 (including unpaid principal of 181,923.11, advances of $41,945.20, agency title report fees of $450.00, caretaker fees of $9,744.00, and other expenses of $78,643.15 (including

utilities, taxes and insurance, and repairs)) as of April 12, 2021; plus interest in the amount of $40,024.67 (including interest on principal of $36,841.87 and interest on advances of $3,182.80) accrued to April 12, 2021; plus interest accruing thereafter at the daily rate of $54.7060 (including daily interest on principal of $53.5800 and daily interest on advances of $1.2260) to the date of judgment; plus administrative costs of $329.00 (including lis pendens filing fee of $5.00 and title report fees of $324.00) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff United States also demands foreclosure of its security agreement and requests that all fixtures be sold with the real estate.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgages on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by, through or under this Defendant be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2002, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

 (1) Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

 (2) The costs of this action and the foreclosure sale;

 (3) The interest accruing on Plaintiff United States' *in rem* judgment of foreclosure;

 (4) Plaintiff United States' *in rem* judgment of foreclosure; and,

 (5) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

    Respectfully submitted,

    DUSTON J. SLINKARD
    Acting United States Attorney
    District of Kansas

    *s/ Michelle A. Jacobs*
    MICHELLE A. JACOBS
    Assistant United States Attorney
    Ks. S.Ct. No. 21261
    290 Federal Bldg.
    444 SE Quincy Street
    Topeka, Kansas 66683
    PH: (785) 295-2850
    FX: (785) 295-2853
    Email: michelle.jacobs@usdoj.gov
    Attorneys for Plaintiff

## **REQUEST FOR PLACE OF TRIAL**

Plaintiff United States of America hereby requests that trial of the above-entitled matter be

held in the City of Topeka, Kansas.

*s/ Michelle A. Jacobs*
MICHELLE A. JACOBS
Assistant United States Attorney